**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,

                              Civil Action No.: 14-6502

    v.

GARY T. GLANZ,
DIANE GLANZ, and
SUFFOLK COUNTY,

                              Defendants.
-------------------------------------------------------X

## COMPLAINT

Pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403, with the authorization of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, the plaintiff United States of America brings this civil action to: (a) establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property of the defendant-taxpayer, Gary Glanz; (b) enforce the liens of the United States upon the property and rights to property of the defendant-taxpayer Gary Glanz in the real estate known as 24 Shore Road, Southampton, New York 11968 (hereinafter, the 24 Shore Road Property) and foreclose the interests and claims of the taxpayer and of all other persons in, or against, that property or, in the alternative, determine that the transfer of his interest in the 24 Shore Road Property to Diane Glanz is a constructive and/or actually fraudulent conveyance as against the United States; (c) determine the respective interests of the defendants in the 24 Shore Road Property and the relative priority and amount or percentage of distribution that each defendant and the United States shall receive from the proceeds of a Court-ordered sale of said property; and (d) permit a judicial sale of the 24 Shore Road Property under 26 U.S.C. §7403(c), and complains and alleges

as follows.

## GENERAL ALLEGATIONS

### Jurisdiction, Parties, and Property

1. Jurisdiction over this action is conferred upon the district court in 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403(c).

2. The plaintiff is the United States of America.

3. The legal description of the real property that is the subject of this action is:

ALL that certain plot, piece or parcel of land, together with the buildings and improvements thereon erected, situate, lying and being at North Sea, Southampton Town, Suffolk County, State of New York known, shown and designated as Lots 13 and 14 in Block "M" on a map entitled, "Revised Map A Subdivision of North Sea Park," filed in the Suffolk County Clerk's office on April 11, 1927 as Map No. 109, being more fully described as follows:

BEGINNING at a point on the northeasterly side of Shore Road, Distant 20.3.20 feet northwest from the corner formed by the intersection of the northeasterly side of Shore Road and the northwesterly side of Noyac Road;

RUNNING THENCE north 26 degrees 48 minutes 00 seconds west 100.00 feet;

RUNNING THENCE north 63 degrees 12 minutes 00 seconds east 100.00 feet;

RUNNING THENCE south 26 degrees 48 minutes 00 seconds east 100.00 feet;

RUNNING THENCE south 63 degrees 12 minutes 00 seconds west 100.00 feet to the point or place of beginning.

Said real property is more commonly known as 24 Shore Road, Southampton, New York 11968,

It is identified on the Suffolk County Real Property Tax Map as District 0900, Section 076.00

Block 03.00, Lot 0003.000.

4. Gary Glanz resides within the jurisdiction of this Court.

5. Diane Glanz resides within the jurisdiction of this Court. She may claim an interest

in the property upon which the United States seeks to enforce its lien.

    6.    Suffolk County is within the jurisdiction of this Court.  It may claim an interest in the property upon which the United States seeks to enforce its lien.

## COUNT ONE

### (Liens Arose Upon Assessment of Trust Fund Recovery Penalties)

    7.    The United States hereby incorporates the allegations set forth in paragraphs numbered 1 through 6 as if specifically realleged herein.

    8.    On March 12, 2004, a delegate of the Secretary of the Treasury made assessments against defendant Gary T. Glanz for trust fund recovery penalties (TFRP) pursuant to the provisions of 6672 of the Internal Revenue Code (26 U.S.C.)(hereinafter the "Code"), by reason of his willful failure to collect, truthfully account for or pay over withheld income and Federal Insurance Contributions Act (FICA) taxes due and owing from Electronic Funds & Data Corporation, for its quarterly employment tax periods ending June 30, 1999, September 30, 1999, and December 31, 1999, in the amounts of $16,241.08, $63,079.04, and $66,727.49, respectively.

    9.    On or about the dates of the assessments listed in ¶ 8, above, a delegate of the Secretary of the Treasury of the United States of America gave notices of the assessments to and made demands for payment upon defendant Gary Glanz.

    10.    From time to time after the assessments described in ¶8, above, a delegate of the Secretary of the Treasury made additional assessments for interest accruing on the TFRP assessments.  In addition, certain payments and/or credits were applied against defendant Gary Glanz's assessed TFRPs.

11. Despite said notices and demand for payment described in ¶ 9, above, defendant Gary Glanz has failed, refused, or neglected to pay the full amount of the assessments. Taking into account payments, credits, and offsets, additional assessments for interest, and accrued interest, Gary Glanz is liable to the United States for trust fund recovery penalties for employment taxes for the second, third, and fourth quarters of 1999 in the total amount $239,042.30, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), until fully paid, from May 19, 2014.

12. Following the making of the assessments of tax and related statutory amounts and issuance of notice and demand for payment of the same, a lien in favor of the United States, pursuant to 26 U.S.C. section 6321 and 6322, arose against all of the property and rights to property of the defendant Gary Glanz in an amount equal to the unpaid assessments, plus interest and other accruals permitted by law.

## COUNT TWO

### (Fraudulent Conveyance)

13. The United States hereby incorporates the allegations set forth in paragraphs 1 through 12 as if specifically realleged herein.

14. On January 31, 2003, after the employment taxes for the second, third, and fourth quarters of 1999 were due and owing, defendant Gary Glanz purportedly transferred his interest in the 24 Shore Road Property to his wife, Diane Glanz. See Copy attached as Exhibit 1.

15. The Deed reflecting a purported transfer of the interest of defendant Gary Glanz in the 24 Shore Road Property to defendant Diane Glanz reflects that no transfer tax was paid. See Copy attached as Exhibit 1.

16. The Suffolk County Clerk Records Office Page reflects that no transfer tax was paid on the purported transfer of the interest of defendant Gary Glanz in the 24 Shore Road Property to defendant Diane Glanz. See Copy attached as Exhibit 1.

17. Defendant Diane Glanz did not provide adequate consideration to defendant Gary Glanz for his purported transfer of his interest of defendant Gary Glanz in the 24 Shore Road Property.

18. At the time that defendant Gary Glanz purported to transfer his interest in the 24 Shore Road Property to his wife, he was insolvent or was rendered insolvent by the transfer. At the time of the purported transfer, he did not have sufficient assets to pay the employment taxes for the second, third, and fourth quarters of 1999 or the transfer left him with assets insufficient to pay them.

19. The purported transfer of defendant Gary Glanz's interest in the 24 Shore Road Property constitutes a fraudulent conveyance as against the United States based on constructive and/or actual fraud.

**WHEREFORE**, the United States of America respectfully requests:

A. That the Court hold that the government has valid and subsisting lien under 26 U.S.C. section 6321 upon all right, title, and interests defendant Gary Glanz in the 24 Shore Road Property;

B. That the Court determine that (1) the purported transfer of defendant Gary Glanz's interest in the 24 Shore Road Property is void as against the United States and set aside as a fraudulent conveyance, (2) the United States has valid and subsisting lien under 26 U.S.C. section 6321 upon all right, title, and interests of defendant Gary Glanz in the 24 Shore Road

Property, (3) under 26 U.S.C. §7403(c), the federal tax liens may be enforced on the rights, title and interest of defendant Gary Glanz in the 24 Shore Road Property, (4) said property may be sold in a judicial sale free and clear of the interest and claims, if any, of the defendants Gary Glanz, Diane Glanz, and the Suffolk County in, or against, the property, including, without limitation, any right of redemption, with the net proceeds of the sale, after the satisfaction of the direct costs of sale, to be distributed to such parties in such amounts as this Court determines; and

      C. That the Court grant the United States its costs, attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Alan Shapiro*
ALAN SHAPIRO (AS5254)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C.  20044
Telephone:  (202) 307-5839
Fax: (202) 514-5238
E-Mail: alan.m.shapiro@usdoj.gov